■ In the Matter of DOUGLAS Z., Appellant. HARLEM VALLEY PSYCHIATRIC CENTER, Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hillery, J.), entered December 14, 1989 in Dutchess County, which granted petitioner's application to administer medication to respondent.

When respondent, a patient at petitioner, a State facility for the mentally ill, refused treatment in the form of a certain psychotropic drug, petitioner sought court authorization to administer the medication. On September 30, 1989, petitioner filed with Supreme Court a nine-page document entitled "Evaluation for Treatment Over Objection" together with a covering letter requesting that a hearing be held. Petitioner also sent a copy of the letter and nine-page document to Mental Hygiene Legal Services (hereinafter MHLS). Approximately 10 days later, respondent was allegedly shown and thereafter served with a one-page document entitled "Petition-Notice to Patient of Application by Hospital for Court Authority to Administer Medication". Respondent was not served with the nine-page document.

MHLS, on behalf of respondent, moved to dismiss the petition due to petitioner's failure, *inter alia*, to properly commence the proceeding as required by CPLR 304 and 403 (a). Supreme Court denied the motion. Thereafter, MHLS moved to preclude petitioner from introducing into evidence any information contained in the nine-page document that was not contained in the one-page instrument served upon respondent. Supreme Court denied the motion and granted petitioner's application to administer the recommended drugs to respondent. This appeal by respondent ensued. On April 27, 1990 respondent was discharged from the psychiatric center.

Initially, we reject petitioner's argument that this appeal should be dismissed as moot now that respondent has been discharged. While it is a fundamental principle that an appellate court has power to review only where there is an actual controversy in a pending case *(see, Matter of David C.,* 69 NY2d 796, 798), exceptions to the mootness doctrine occur where, as here, there is "(1) a likelihood of repetition * * *; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715).

Accordingly, "in light of the significant issue raised, the likelihood of repetition and the need to clarify the law for the participants" *(Savastano v Nurnberg,* 152 AD2d 290, 299, *affd* 77 NY2d 300; *see, Ughetto v Acrish,* 130 AD2d 12, 17, *appeal dismissed* 70 NY2d 871), this court is prompted to exercise its discretion to hear this matter despite respondent's discharge from petitioner's care.

Turning to the merits, we conclude that petitioner improperly commenced this proceeding. CPLR 304 provides that a special proceeding is commenced and jurisdiction acquired by service of a notice of petition. A notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party (CPLR 403 [b]; *see,* Siegel, NY Prac § 553, at 866 [2d ed]). The requirements for a petition are the same as those for a complaint (CPLR 402). Relying on *Matter of Garrett* (142 Misc 2d 846), petitioner argues that the one-page document served on respondent satisfied the statutory requirement of giving respondent actual notice of the proceeding and the relief sought by petitioner, including the proposed treatment plan *(see, supra,* at 848). We disagree.

In our view, the nine-page document constituted the petition and it was served only on MHLS, thereby depriving respondent of any opportunity to familiarize himself with its contents. Further, if, as petitioner argues, the one-page document constituted both the notice of petition and the petition, service was still inadequate pursuant to CPLR 403, which requires that any accompanying affidavits also be served. Finally, since the single-page document was only served on MHLS, respondent was foreclosed from exercising his right to obtain counsel of his own choosing in addition to any services provided by MHLS *(see,* 22 NYCRR 694.2 [a] [1]). We therefore conclude that the motion to dismiss the petition because of, *inter alia,* petitioner's failure to properly commence this proceeding as required by CPLR 304 and 403 should have been granted.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.