GEORGE H. WINNER et al., as Members of the New York State Assembly, Appellants, v MARIO M. CUOMO, Individually and as Governor of the State of New York, Respondent.

Third Department, February 13, 1992

APPEARANCES OF COUNSEL

*Richard E. Mannix (John T. Casey, Jr.,* of counsel), for appellants.

*Robert Abrams, Attorney-General (Daniel Smirlock* and *Peter H. Schiff* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Plaintiffs, three Members of the New York State Assembly, commenced this declaratory judgment action against defendant in February 1991 for his failure to timely submit to the Legislature all of his budget bills simultaneously with the 1991-1992 Executive Budget. Defendant moved to dismiss the complaint and plaintiffs cross-moved for summary judgment. While Supreme Court had the matter under advisement, the budget was approved. Supreme Court, concluding that approval of the final State budget rendered plaintiffs' action moot, thereupon denied plaintiffs' cross motion and granted defendant's motion to dismiss.

The following facts are undisputed. On January 31, 1991, defendant submitted to the Legislature his Executive Budget and five budget bills containing appropriations and reappropriations. However, as he has consistently done since 1984, defendant submitted additional bills (119 in the year at issue) implementing tax measures and other legislation recommended and proposed in his Executive Budget within 30 days of submitting the Executive Budget. In March 1991, defendant submitted 30-day amendments which were labeled as such and referred to specific lines and items in the existing budget bills. Although April 1 is the fiscal year deadline for passing budget bills, it was not until June 1991 that the Legislature acted on the 1991-1992 budget and defendant exercised his approval and veto power on its actions, thus finalizing the budget.

At issue is whether, as plaintiffs contend, NY Constitution article VII and State Finance Law § 24 require the simultaneous submission of the Executive Budget and all budget bills or whether, as defendant maintains, they permit him 30 additional days after February 1, 1991 in which to submit budget bills for the 1991-1992 budget.

■ Initially, we disagree with Supreme Court that plaintiffs' action was rendered moot when the budget bills were passed because plaintiffs still have not received the relief they seek,

namely, a judicial declaration of when all defendant's budget bills are to be submitted. As noted in their brief, plaintiffs "seek a declaratory judgment that may be prospectively enforced". In short, the matter is not moot because the rights of the parties will be affected by the decision on this appeal *(cf., Marotta v Village of Keeseville,* 170 AD2d 862, 863).

Even if we were to decide that the issue is moot, we would nonetheless find that this case falls within the well-settled exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). Although it is not clear that this is an issue typically evading review *(see, Matter of Schulz v State of New York,* 175 AD2d 356, *lv denied* 78 NY2d 862), the other significant factors which allow for recognition of an exception to the mootness doctrine are all present *(cf., Matter of Cerniglia v Ambach,* 145 AD2d 893, 895, *lv denied* 74 NY2d 603). Based on defendant's understanding of his constitutional duty with respect to when his budget bills may be submitted and his pattern of presenting them after his Executive Budget has been submitted, there is a likelihood of repetition. And, as this is a question of deadline, not one of the adequacy of itemization or specificity in the budget bills, it is a novel issue *(cf., Saxton v Carey,* 44 NY2d 545). Moreover, this issue is clearly of ongoing public interest *(see, Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation,* 158 AD2d 24, 28, *affd* 77 NY2d 983; *cf., Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 169 AD2d 943). " '[I]n light of the significant issue raised, the likelihood of repetition and the need to clarify the law for the participants' " *(Matter of Douglas Z.,* 175 AD2d 450, 451, quoting *Savastano v Nurnberg,* 152 AD2d 290, 299, *affd* 77 NY2d 300), we deem it judicious to determine this matter despite the passage of the 1991-1992 budget.

█ █ We are also persuaded that plaintiffs have standing to bring this suit and that it is justiciable. As Members of the State Assembly, plaintiffs are charged with acting on the Executive Budget (NY Const, art VII, § 4). Defendant, in turn, has a constitutional and statutory obligation to timely submit his budget bills to the Legislature (NY Const, art VII, § 3; State Finance Law § 24). By reducing the time available to review the budget bills, defendant impinges upon the Legislature's opportunity to timely review his proposals and hampers the ability to question Executive Department heads regarding the budget (Legislative Law § 31). Inasmuch as plaintiffs suffer injury within their zone of interest, protected by NY Constitu-

tion, article VII, § 3 and State Finance Law § 24, they have standing here *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *Boryszewski v Brydges,* 37 NY2d 361, 364).

■ Moreover, this is not a dispute over defendant's power to draft a budget, but an effort to secure court clarification of the scope of the authority granted to him by the NY Constitution *(see, Saxton v Carey,* 44 NY2d 545, 551, *supra; People v Ohrenstein,* 153 AD2d 342, 360, *affd* 77 NY2d 38; *see also, Levitt v Rockefeller,* 69 Misc 2d 337, 339-341). As for defendant's contention that the Legislature must first reject defendant's budget bills when they are received before judicial review of the constitutionality of his actions can be obtained, it suffices to note that this would only serve to further slow the budget process, further endangering the State's fiscal condition *(cf., Saxton v Carey, supra,* at 550). Accepting and acting on the budget bills while simultaneously commencing a declaratory judgment action to resolve the dispute, as plaintiffs did, is a more prudent and less detrimental course of action.

Before addressing the merits of this case, one other procedural matter needs to be considered. In Supreme Court, defendant also argued that plaintiffs' cross motion for summary judgment was premature because an answer had not yet been interposed (CPLR 3212; *see, Peterson v State of New York,* 130 AD2d 813, 814). In response, plaintiffs observed that defendant did not claim that any factual issues existed and, relying on CPLR 3211 (c), they asserted that the lack of an answer was not a procedural bar to granting summary judgment. Supreme Court, however, did not convert defendant's motion to dismiss into a motion for summary judgment and it is the court, not plaintiffs, which must give such notice (Siegel, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:44 [1991 Supp Pamph], at 5-6). Significantly, defendant does· not press this point in his brief, which is limited to asseverations of mootness, nonjusticiability and, lastly, that "[t]he State Constitution entitles [defendant] to submit budget bills within thirty days of submitting the Budget to the Legislature".

■ Turning to the merits, we find the constitutional and statutory language at issue clear and unambiguous. NY Constitution, article VII, § 2 constrains defendant to submit to the Legislature a budget "containing a complete plan of expenditures" and "such additional information as may be required

by law" for the 1991-1992 fiscal year no later than February 1, 1991.* NY Constitution, article VII, § 3 provides:

"At the time of submitting the budget to the legislature [defendant] shall submit a bill or bills containing all the proposed appropriations and reappropriations included in the budget *and the proposed legislation, if any, recommended therein.*

"[Defendant] may at any time within thirty days thereafter * * * amend or supplement the budget and submit amendments to any bills submitted by him or submit supplemental bills." (Emphasis supplied.)

State Finance Law § 24, which "confirms present practice and is almost identical with the Constitutional provision (Article VII, Section 3)" (mem of NY St Dept of Audit and Control, Governor's Bill Jacket, L 1940, ch 593), provides that "[t]he budget submitted annually by [defendant] *shall be accompanied by a bill or bills* for all proposed appropriations and reappropriations and *for the proposed measures of taxation or other legislation, if any, recommended therein.* Such bills shall be submitted by [defendant] and shall be known as budget bills" (emphasis supplied).

Simply put, "any bills to carry into effect legislation affecting the revenues of the State * * * should be submitted directly by [defendant] and treated as budget bills" (Report of Comm on State Finances and Revenues of NY St Constitutional Convention, 1938 Constitutional Convention Doc No. 3, at 3). The 119 budget bills at issue were specifically referred to in the "Annual Message" volume of the Executive Budget as "legislation submitted with the Budget". Each was entitled "A BUDGET BILL". They did not amend or supplement previously submitted legislation, but presented to the Legislature for the first time defendant's proposed tax measures and other legislation proposed in the Executive Budget. In accordance with the constitutional and statutory provisions, such budget bills should have been submitted along with the Executive Budget by February 1, 1991.

MIKOLL, J. P., CREW III and HARVEY, JJ., concur.

Ordered that the judgment is reversed, on the law, without

---

* The February 1 deadline is only applicable where, as here, the preceding year was a gubernatorial election year. For all other years, the relevant deadline for submission of the Executive Budget to the Legislature is the "second Tuesday following the first day of the annual meeting of the legislature" (NY Const, art VII, § 2).

costs, cross motion granted, summary judgment awarded to plaintiffs and it is hereby declared that, pursuant to NY Constitution, article VII, § 3 and State Finance Law § 24, defendant has a legal duty to submit his budget bills at the time he submits his Executive Budget and that the Legislature is legally entitled to receive such budget bills at that time for its review.