■ Edward V. Regan, as Comptroller of the State of New York, Respondent, v Mario M. Cuomo, as Governor of the State of New York, et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 30, 1991 in Albany County, which denied defendants' motions to dismiss the complaint for, *inter alia,* lack of standing.

This appeal presents several questions for our review: did Supreme Court properly find that plaintiff has standing to maintain this action, is there a justiciable controversy, and does plaintiff have legal capacity to sue in this case without the authorization of the Attorney-General?

In 1991 the Legislature enacted a new section 381 of the

Public Authorities Law authorizing the New York State Thruway Authority to issue bonds and notes in an amount up to $80 million, empowering defendant Budget Director to enter into service contracts with the Thruway Authority, entitling the Thruway Authority to pledge or assign the contracts and payments due thereunder as security for its bonds or notes, and granting the Budget Director power to obligate the State to provide payments sufficient to fund the debt services on the Thruway Authority's bonds or notes (L 1991, ch 410).

Plaintiff commenced this action for declaratory judgment seeking a declaration that the enactment is contrary to provisions of the New York Constitution since it creates a debt "contracted by or in behalf of" the State without voter approval (NY Const, art VII, § 11) and is a gift or loan of the State's credit (NY Const, art VII, § 8). Defendants sought dismissal of the complaint on the grounds that plaintiff lacks standing, the controversy is nonjusticiable and plaintiff did not obtain approval of the litigation from the Attorney-General, required under Executive Law § 63.

Supreme Court, in denying the motion, held, *inter alia,* that plaintiff had standing by virtue of his constitutional and statutory duties as chief financial officer of the State and that any statutory duty to pursue this action through the Attorney-General was superseded by plaintiff's authority under the New York Constitution to maintain this action. This appeal ensued. There should be an affirmance.

Supreme Court properly concluded that plaintiff has standing to bring this action. Where, as here, plaintiff is the chief financial officer of the State *(see, Armstrong v State Bank,* 177 App Div 265, *affd* 227 NY 563), charged with the duty of overseeing the fiscal concerns of the State and of auditing all accounts in which the State is interested, auditing all vouchers before issuing warrants for payment and drawing such warrants only if authorized by law *(see,* State Finance Law § 8 [1], [2], [3], [7], [8]; *see also,* NY Const, art V, § 1), plaintiff has "an actual legal stake in the matter being adjudicated" *(Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772) and has standing *(cf., Winner v Cuomo,* 176 AD2d 60, 63-64).

Defendants' contention that this action is not justiciable but merely advisory, inasmuch as plaintiff has stated that he will not act to enforce the statutes and that budget matters are best left to the Legislature to resolve, is also rejected. Declaratory judgment actions are commonly used to determine the rights and obligations of parties upon the happening of a future event as it is assumed that the parties will act in

accordance with the law and the court's interpretation will have an immediate and practical influence on their conduct *(New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 530-531; *Winner v Cuomo, supra,* at 64; *see also, Stemmer v Board of Assessors,* 97 AD2d 979). Declaratory judgment is appropriate in this case as plaintiff has stated that he will obey the decision of the court in this matter. If this action were to be dismissed, it appears that defendants would commence suit to compel plaintiff to act to give effect to the statute.

Defendants' argument that plaintiff lacks capacity to maintain this action since he has not obtained authorization from the Attorney-General to do so pursuant to Executive Law § 63 is without merit. The capacity of plaintiff to sue in this case is necessarily implied from the powers granted plaintiff by the Legislature despite language in Executive Law § 63 limiting the right to sue to the Attorney-General *(see, Matter of Adirondack Park Local Govt. Review Bd. v Adirondack Park Agency,* 89 AD2d 642; *cf., Cahn v Town of Huntington,* 29 NY2d 451, 455-456; *Matter of Fleischmann v Graves,* 235 NY 84).

Weiss, P. J., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.