■ GARY T. JANIAK, Respondent, v TOWN OF GREENVILLE et al., Appellants. [610 NYS2d 286] —In an action, *inter alia*, for judgment declaring Local Laws, 1989, No. 1 of the Town of Greenville to be invalid, the defendants appeal from an order

of the Supreme Court, Orange County (Hillery, J.), dated March 20, 1992, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiff, the owner of a 60-acre parcel of real property in the Town of Greenville (hereinafter the Town), seeks to establish a hunting preserve on his property. Since 1981, the plaintiff has sought approval from the Town for such use, which until 1983 was permitted under the local zoning law. After years of wrangling, marked by two separate CPLR article 78 proceedings in which the Supreme Court condemned the Town's "dilatory tactics" and the Town's attempt to legislate the plaintiff's proposed use out of existence, the plaintiff finally received approval of his site plan, subject to six conditions. The plaintiff then commenced a third CPLR article 78 proceeding challenging one of those conditions. Significantly, while the third CPLR article 78 proceeding was still being litigated, the Town enacted Local Laws, 1989, No. 1 of the Town of Greenville (hereinafter Local Law No. 1), which amended its zoning law to provide that a site review application must meet all of the requirements for site plan approval within one year, or it will be considered void.

In November 1990, after the plaintiff had unsuccessfully moved in the third CPLR article 78 proceeding for leave to appeal to the Court of Appeals, he submitted a revised site plan which incorporated all of the aforementioned conditions. However, relying upon the newly enacted one-year limitation period set forth in Local Law No. 1, the Town's Planning Board refused to review the revised site plan because more than two and one-half years had elapsed since the Board had conditionally approved it.

The plaintiff subsequently commenced this declaratory judgment action seeking, *inter alia,* the invalidation of Local Law No. 1 on the ground that it controverts the State law permitting CPLR article 78 review of Planning Board decisions *(see,* Town Law § 274-a). The Town moved to dismiss the complaint pursuant to CPLR 3211 (a) (5). The Town argued that this action should have been brought as a CPLR article 78 proceeding to review its determination that the plaintiff's site plan application is time barred, and that the four-month limitations period applicable to such proceedings bars any litigation of the plaintiff's claims *(see,* CPLR 217). The Supreme Court denied the Town's motion, concluding that "the plaintiff has a right to legal recourse by way of a declaratory judgment

action to test the validity of a local law and the constitutionality of the local law as applied." We affirm.

The gravamen of the plaintiff's complaint is that Local Law No. 1 is an invalid legislative enactment exceeding the authority delegated to Town Boards by Town Law § 274-a. Contrary to the Town's contention, the action of which the plaintiff seeks review is not the Planning Board's determination that his site plan application is time barred, but the Town's enactment of Local Law No. 1. Thus, the challenged action is clearly legislative in nature, as evinced by its general applicability, indefinite duration, and formal adoption (see, International Paper Co. v Sterling Forest Pollution Control Corp., 105 AD2d 278, 282). A declaratory judgment action, not a CPLR article 78 proceeding, is the proper vehicle to challenge the validity of a legislative enactment (see, Matter of Timber Point Homes v County of Suffolk, 155 AD2d 671, 674; Kamhi v Town of Yorktown, 141 AD2d 607, 608, affd 74 NY2d 423). Since a CPLR article 78 proceeding is not a proper vehicle for challenging the legitimacy of Local Law No. 1, the limitations period set forth in CPLR 217 has no applicability to this case (see, Kamhi v Town of Yorktown, supra, at 609), and the six-year Statute of Limitations set forth in CPLR 213 applies instead (see, Solnick v Whalen, 49 NY2d 224, 229-230). Accordingly, the Supreme Court properly denied the Town's motion to dismiss the complaint. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.