SAND HILL ASSOCIATES et al., Respondents, v LEGISLATURE OF COUNTY OF SUFFOLK et al., Appellants. [640 NYS2d 128]

The Suffolk County Tax Act (hereinafter SCTA) was enacted in 1920 for the purposes of assessing and collecting taxes in Suffolk County (hereinafter the County) in relation to tax sales and tax liens *(see,* L 1920, ch 311; SCTA § 982-1). The SCTA permits the County Treasurer to impose a five percent penalty on delinquent real property taxes, plus interest *(see,* SCTA §§ 13-a, 13-c). In addition, SCTA § 13-a (3) permits the County Treasurer to recover the *"cost of advertising* the land for sale for such unpaid taxes" (emphasis added). The advertisement must include the name of the owner of each parcel as it appears on the assessment roll and a brief description of the parcel *(see,* SCTA § 43). In addition, SCTA § 43 requires that the advertisement inform the delinquent taxpayer that he or she "shall be required to pay the amount of such tax or assessment, with the said penalties and interest thereon remaining unpaid, with the *charges of such notice and advertisement"* (emphasis added).

In 1992, the Suffolk County Legislature adopted Resolution No. 786-1992. The 15th resolved clause authorized the County Treasurer to collect a $100 application fee "for each late or delinquent real property tax payment to offset the cost of advertising the sale of land for unpaid taxes". Subsequently, the plaintiffs, owners of real property located in Suffolk County, failed to timely pay their real property taxes. The tax redemption statements for each parcel included the newly enacted fee, and the plaintiffs paid the fee under protest.

At issue is whether the language in SCTA § 13-a (3), authorizing the County Treasurer to recover the "cost of advertising", is intended to be more expansive than the language in SCTA § 43, permitting the County Treasurer to recover the "charges of such notice and advertisement". The defendants contend that this is the case and that the language in SCTA § 13-a (3) permitted the County Legislature to enact a resolution authorizing the County Treasurer to recover the administrative costs associated with advertising the land for sale. We disagree.

Local governments may only exercise those powers expressly

granted to them by the State Constitution or the Legislature *(see, Coconato v Town of Esopus,* 152 AD2d 39, 42; *see also, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 376). Thus, the defendants' resolution must be evaluated in light of its enabling act, in this instance the SCTA *(see, Matter of Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 463). As a general rule of statutory construction, every part must be viewed in connection with the whole to make all the parts harmonize and give sensible effect to each *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 98). When the SCTA was enacted in 1920, it did not contain a provision permitting the County to recover the cost of advertising land for sale *(see,* L 1920, ch 311). It did, however, contain a provision permitting the County to impose a penalty and interest on unpaid taxes *(see,* L 1920, ch 311, § 13 [5], since amended). In 1929, the State Legislature amended the SCTA and added, *inter alia,* the current section 43 *(see,* L 1929, ch 152, § 2, since amended). In 1959, the State Legislature again amended the SCTA and added, *inter alia,* section 13-a, which is entitled "Penalties and Payment to County Treasurer" *(see,* L 1959, ch 745, § 2, since amended).

Considering the provisions of the SCTA in this light, we find that the purpose of adding section 13-a was to enumerate all of the penalties and fees which the County Treasurer could impose on the amount of unpaid taxes. Therefore, the "cost of advertising" referred to in section 13-a merely referred to the provision in section 43 which permitted the County Treasurer to recoup the charges of advertisement. Moreover, the sponsoring memoranda supporting the bill containing section 13-a, which referred to certain portions of section 13-a, did not refer to any new grant of authority to the County Legislature to impose additional fees with regard to advertising the land for sale *(see,* Mem of County Attorney of Suffolk County in Support of Senate Bill, Bill Jacket, L 1959, ch 745). Considering the far reaching financial nature of the newly enacted fee, such a glaring omission indicates that the State Legislature did not intend the language in section 13-a to permit the County Legislature to enact a resolution authorizing the County Treasurer to recover the administrative costs associated with advertising land for sale.

Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment and declared the 15th resolved clause of Suffolk County Legislature Resolution No. 786-1992 invalid. Moreover, because the plaintiffs paid the fee under protest, the court properly awarded the plaintiffs a

refund *(see, Video Aid Corp. v Town of Wallkill,* 85 NY2d 663, 666-667). Thompson, J. P., Joy, Hart and Florio, JJ., concur.