■ In the Matter of SALWA AWAD, Appellant, v STATE EDUCATION DEPARTMENT OF NEW YORK, Respondent. [658 NYS2d 755] —Peters, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 8, 1996 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of jurisdiction.

Petitioner received her undergraduate education at the Juvenat des Saint-Coeurs Maison Notre Dame, a convent school, in Lebanon. Thereafter, she passed the National Teachers Exam, obtained a Master of Arts degree from Brooklyn College, was working towards the completion of a second Master of Arts degree to teach English as a second language and was accepted into an advanced certificate program in educational administration and supervision. The New York City Board of

Education (hereinafter the Board) and both graduate programs considered her undergraduate training at the convent to be the equivalent of a Baccalaureate degree.

In 1989, upon acceptance of her credentials by the Board's Board of Examiners, petitioner was granted a temporary per diem teaching certificate. In 1991, after the Board of Examiners was disbanded, respondent became the agency responsible for evaluating teacher credentials. At such time, petitioner was granted a temporary license as well as a preparatory provisional certificate which also required a Baccalaureate degree or its equivalent. Petitioner's temporary license and substitute teacher certificate were renewed for two successive years. Petitioner thereafter worked for the Board for four years in a bilingual program. In 1993 petitioner applied for permanent certification. When respondent denied her application for failure to submit evidence of a completed Baccalaureate degree, petitioner appealed to the Commissioner of Education who failed to respond. As a result, the Board was forced to terminate her employment.

Petitioner commenced this CPLR article 78 proceeding to review respondent's determination. Therein, she sought reinstatement, a credit for seniority status, back pay, health insurance costs and other appropriate relief. After oral argument Supreme Court (Williams, J.) found, *inter alia*, that the enunciated reasons for finding that petitioner lacked the equivalent of a Baccalaureate degree appeared to be arbitrary and capricious. Accordingly, it remitted the matter for respondent to take a "hard look" at the education petitioner received at the convent and, after so doing, to provide the court with a "reasoned analysis for its determination".* After petitioner complied with a new request for additional information, she was granted permanent certification and was reinstated by the Board.

Notwithstanding her permanent certification and reinstatement, petitioner wrote to Supreme Court and requested a conference because several of the issues raised in her original petition had not been addressed. Upon being advised of the Judge's retirement, petitioner proffered a formal motion in October 1995 for an order granting the relief she originally sought—seniority status, back pay, medical insurance and counsel fees. Supreme Court (Kahn, J.), finding a lack of jurisdiction to consider these claims against the State, dismissed

---

* It also remitted the issue of whether petitioner's attainment of two Master's degrees from universities accredited in New York justified a waiver of the requirement of formal accreditation of her undergraduate school.

the petition. The court also denied petitioner's request for counsel fees and noted her failure to join the Board as a necessary party. Petitioner now appeals.

We reject respondent's contention that petitioner was required to institute a second CPLR article 78 proceeding to address the issues now raised. Supreme Court's remittal of these issues to respondent—an administrative agency of the State—resulted in the issuance of a nonfinal order (*cf., Matter of Sofair v State Univ. of N. Y. Upstate Med. Ctr. Coll. of Medicine*, 44 NY2d 475, 479). Moreover, we conclude, contrary to Supreme Court, that since the "thrust of the lawsuit [was] the review of an adverse State agency determination [that petitioner's convent education was not the equivalent of a Baccalaureate degree], with the monetary relief incidental, Supreme Court [was permitted to] entertain the entire case under CPLR article 78" (*Matter of Gross v Perales*, 72 NY2d 231, 234). Accordingly, Supreme Court should not have dismissed petitioner's remaining claims since they could have been "recovered only if the challenged determination [was] found to be irrational" (*Matter of White v Regan*, 171 AD2d 197, 199, *lv denied* 79 NY2d 754).

Finally, we disagree with Supreme Court's determination that petitioner's claim for seniority status had to be dismissed for failure to join the Board as a necessary party (*see generally, Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.*, 181 AD2d 968, 969; CPLR 1001 [a]). In determining whether the Board might be inequitably affected thereby, we agree that while joinder might have been the better practice, "the failure to have done so may be excused under CPLR 1001 (subd [b]) in the interest of justice" (*Matter of Zubal v Ambach*, 103 AD2d 927, 929; *see, Matter of Sandor v Nyquist*, 45 AD2d 122). Since the interests of respondent and the Board "stand or fall together" (*Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935), thereby diminishing any potential prejudice, a dismissal for this reason was error.

Accordingly, we modify Supreme Court's judgment by reversing so much thereof as dismissed the petition for lack of jurisdiction and failure to join a necessary party, and remit this matter to Supreme Court for a determination of those incidental damages detailed in the original petition.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as dismissed the petition for lack of jurisdiction and failure to

join a necessary party; matter remitted to the Supreme Court for determination of those incidental damages detailed in the original petition; and, as so modified, affirmed.