■ JOSEPH R. CAPUTO et al., Respondents-Appellants, v COUNTY OF SUFFOLK, Appellant-Respondent. [712 NYS2d 564] —In

an action, *inter alia*, for a judgment declaring that Local Laws, 1997, No. 18 of the County of Suffolk, and Resolution, 1997, No. 1084 of the County of Suffolk, enacted by the Suffolk County Legislature are invalid and unenforceable, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 28, 1999, as denied those branches of its motion which were to dismiss the first and third causes of action, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendant's motion which was to dismiss the second cause of action.

Ordered that the order is affirmed, without costs or disbursements.

In July 1997 the Suffolk County Legislature enacted Local Laws, 1997, No. 18 of the County of Suffolk, which codified the standards for waiving interest and penalties for the late payment of real property taxes. In January 1998, the Legislature enacted Resolution, 1997, No. 1084 of the County of Suffolk, which waived almost $300,000 in interest and penalties for two parcels of property occupied by Brunswick Hospital in Amityville. In June 1998 the plaintiff Joseph R. Caputo commenced this action as an individual taxpayer and in his capacity as the Suffolk County Comptroller for a judgment declaring that Local Laws, 1997, No. 18 of the County of Suffolk and Resolution, 1997, No. 1084 of the County of Suffolk are invalid and unenforceable, and directing the County to pay his legal fees.

Contrary to the defendant's contention, the Suffolk County Comptroller has both the standing and capacity to sue (*see, Community Bd. 7 v Schaffer,* 84 NY2d 148, 156; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443; *Regan v Cuomo,* 182 AD2d 1060).

The Supreme Court properly dismissed as untimely the second cause of action, which challenges the validity of Resolution, 1997, No. 1084, of the County of Suffolk. The resolution was limited to only one particular tax year, did not result in a statutory provision, and applied only to Brunswick Hospital. Accordingly, the proper procedural vehicle for this challenge was to commence a proceeding pursuant to CPLR article 78 within four months of the enactment of the resolution (*see,* CPLR 217; *Press v County of Monroe,* 50 NY2d 695).

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the first cause of action, challenging the validity of Local Laws, 1997, No. 18 of the County of Suffolk, a legislative enactment characterized by its general applicability, indefinite duration, and formal adoption (*see, International Paper Co. v Sterling Forest Pollution Control*

*Corp.,* 105 AD2d 278, 282). The first cause of action was timely commenced within the six-year limitation period applicable to declaratory judgment actions (*see,* CPLR 213; *Janiak v Town of Greenville,* 203 AD2d 329, 331; *Kamhi v Town of Yorktown,* 141 AD2d 607, 608, *affd* 74 NY2d 423).

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the third cause of action to recover attorney's fees. It is well settled that "[n]otwithstanding [the] lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from acting" (*Cahn v Town of Huntington,* 29 NY2d 451, 455; *see also, Matter of Slominski v Rutkowski,* 91 AD2d 202, 212, *mod on other grounds* 62 NY2d 781). The Suffolk County Attorney is obviously disqualified from representing the Comptroller in this action because he is representing the defendant. Contrary to the defendant's contention, County Law § 501 (2) does not preclude this cause of action (*see,* County Law § 2 [b]; *Long Is. Liquid Waste Assn. v Cass,* 115 AD2d 710, 711; *Poillucci v Pattison,* 95 AD2d 288, 291). Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.