JOSEPH SAWICKI, JR., Respondent, v COUNTY OF SUFFOLK, Appellant. [771 NYS2d 672]—

In an action, inter alia, for a judgment declaring that Local Law No. 18 (1997) of the County of Suffolk is invalid, the County of Suffolk appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 6, 2002, as denied those branches of its cross motion which were to dismiss the first, third, and fourth causes of action, and granted those branches of the motion of the original plaintiff, Joseph R. Caputo, which were for summary judgment declaring that Local Law No. 18 (1997) is invalid and directing the County of Suffolk to pay his reasonable attorney's fees.

Ordered that the order is affirmed insofar as appealed from,

without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Local Law No. 18 (1997) of the County of Suffolk is invalid and for a hearing to determine the amount of reasonable attorney's fees incurred by the original plaintiff, Joseph R. Caputo.

The defendant County of Suffolk contends, for the first time on appeal, that the complaint should be dismissed because the original plaintiff, Joseph R. Caputo, who was the former Comptroller of the County of Suffolk, failed to name the Legislature of the County of Suffolk (hereinafter the Legislature) as a necessary party. Although the failure to join a necessary party may be raised at any time by the parties or the court (*see City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469, 475 [1979]), dismissal is not warranted where, as here, the interests of the named party and the nonjoined party are so intertwined that there is virtually no prejudice to the nonjoined party (*see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,* 302 AD2d 155 [2002]; *Matter of Doner v Comptroller of State of N.Y.,* 262 AD2d 750 [1999]; *Matter of Awad v State Educ. Dept. of N.Y.,* 240 AD2d 923 [1997]).

Turning to the merits, the Supreme Court properly determined that Local Law No. 18 (1997) is invalid because it impermissibly expands the Legislature's limited authority under the Suffolk County Tax Act to "compromise and authorize the receiver of taxes or county treasurer to accept in payment a lesser sum than the face amount including any penalty of any [real property] tax or assessment which is unpaid" (Suffolk County Tax Act § 30). Specifically, Local Law No. 18 provides that the County may waive penalties and interest on delinquent real property taxes under circumstances that are not expressly spelled out in Suffolk County Tax Act § 30.

It is well settled that local governments may exercise only those powers that are expressly granted to them by the New York State Constitution or the New York State Legislature (*see Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372 [1989]; *Kamhi v Town of Yorktown,* 74 NY2d 423 [1989]; *Sand Hill Assoc. v Legislature of County of Suffolk,* 225 AD2d 681 [1996]). Moreover, a tax statute should not be extended by construction beyond its express terms or the reasonable implications of its language (*see City of Buffalo v Cargill, Inc.,* 44 NY2d 7, 17 [1978]; *Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors of Town of Riverhead,* 2 NY2d 500, 510 [1957], *cert denied* 355 US 814 [1957]; McKinney's Cons Laws of NY, Book 1, Statutes § 94).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Local Law No. 18 (1997) is invalid (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). In addition, the matter is remitted to that court for a hearing to determine the reasonable amount of attorney's fees incurred by Joseph R. Caputo in the good faith prosecution of this action (*see Caputo v County of Suffolk,* 275 AD2d 294 [2000]).

The County of Suffolk's remaining contentions are without merit. Altman, J.P., Krausman, Adams and Townes, JJ., concur.