■ HUDSON VALLEY OIL HEAT COUNCIL, INC., et al., Appellants, v TOWN OF WARWICK, Respondent. [777 NYS2d 157]—

In an action, inter alia, for a judgment declaring that certain provisions of the Town Code and the Zoning Law of the Town of Warwick are preempted by Environmental Conservation Law article 17, title 10 (ECL 17-1001 *et seq.*), the plaintiffs appeal

from (1) an order of the Supreme Court, Orange County (Owen, J.), dated April 8, 2003, which granted the defendant's cross motion to dismiss the complaint on the ground that the plaintiffs lack standing and denied as academic the plaintiffs' motion, inter alia, for a preliminary injunction enjoining enforcement of certain provisions of the Town Code and the Zoning Law of the Town of Warwick, and (2) a judgment of the same court entered May 9, 2003, which is in favor of the defendant and against them, dismissing the complaint.

Ordered the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with one bill of costs, the order is vacated, the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Orange County, for a determination of the motion on the merits.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs commenced this action for a judgment declaring that certain local laws of the Town of Warwick regulating fuel oil storage tanks within the Town are preempted by Environmental Conservation Law article 17, title 10, also known as the "Control of the Bulk Storage of Petroleum Act" and the regulations promulgated thereunder (hereinafter the Act) (ECL 17-1001 et seq.; 6 NYCRR 612.1-614.1) and permanently enjoining the Town from enforcing those local laws. The plaintiffs moved by order to show cause, inter alia, for a preliminary injunction, and the Town cross-moved to dismiss the complaint. The Supreme Court granted the Town's cross motion to dismiss on the ground that pursuant to Environmental Conservation Law § 17-1103, the plaintiffs did not have a private right of action to obtain the relief sought in the complaint, and denied the motion as academic. We reverse.

The provision of the Environmental Conservation Law at issue states: "§ 17-1103. Persons other than the state acquire no actionable rights "The bases for proceedings or actions resulting from the violations of the prohibitions contained in titles 1 to 11, inclusive, and title 19 of this article inure solely to and are for the benefit of the people generally of the state of New York, and it is not intended to in any way create new, or enlarge existing rights of riparian owners or others. A determination by

the department or the commissioner that pollution exists or that violations of any such prohibitions have occurred or are occurring, whether or not a proceeding or action may be brought by the state, shall create by reason thereof no presumptions of law or findings of fact inuring to or for the benefit of persons other than the state."

When interpreting a statute, we first turn to the text as the best evidence of the Legislature's intent (*see Matter of Theroux v Reilly,* 1 NY3d 232, 239 [2003]). "As a general rule, unambiguous language of a statute is alone determinative" (*Matter of Theroux v Reilly, supra* at 239 [internal quotation marks omitted]; *Riley v County of Broome,* 95 NY2d 455, 463 [2000]). The plain language of ECL 17-1103 clearly evinces the legislative intent that an action or proceeding to enforce the prohibitions contained, inter alia, in the Act and the regulations promulgated thereunder may be maintained only by the State.

Here, however, the plaintiffs do not allege a violation of the Act, nor do they seek to enforce the prohibitions of the Act; rather, the basis for this action is that the Town's local laws regulating fuel oil storage tanks are preempted and, therefore, are invalid and unenforceable. A declaratory judgment action is the proper vehicle for challenging the validity of a legislative enactment (*see Matter of Ernalex Constr. Realty Corp. v City of Glen Cove,* 256 AD2d 336 [1998]; *Janiak v Town of Greenville,* 203 AD2d 329 [1994]). Since the basis for this action does not "[result] from the violations of the prohibitions" of the Act, ECL 17-1103 does not preclude the plaintiffs from maintaining this action.

Moreover, although the Town apparently has abandoned the argument on appeal, since the plaintiffs challenge the validity and constitutionality of the Town's local laws on their face, it is not necessary that they first exhaust their administrative remedies by seeking a variance (*see e.g. Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52 [1978]; *Scarsdale Supply Co. v Village of Scarsdale,* 8 NY2d 325 [1960]). While a court may dismiss a declaratory judgment action in a proper exercise of discretion, the mere existence of other adequate remedies does not mandate dismissal (*see* CPLR 3001; *Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation,* 87 NY2d 136, 140 [1995]). Accordingly, the Supreme Court erred in granting the Town's cross motion to dismiss the complaint. Prudenti, P.J., Ritter, Luciano and Adams, JJ., concur.