Matter of Patel v Town of Rhinebeck (2024 NY Slip Op 01716)

Matter of Patel v Town of Rhinebeck

2024 NY Slip Op 01716

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-03139
 (Index No. 53769/21)

[*1]In the Matter of Dahyabhai Patel, et al., appellants,
v
Town of Rhinebeck, respondent.

Law Offices of Paul D. Stone, P.C., Tarrytown, NY, for appellants.
Warren S. Replansky, P.C., Rhinebeck, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Rhinebeck to change the designated zoning district for a parcel of property, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated March 18, 2022. The order and judgment granted the motion of the Town of Rhinebeck pursuant to CPLR 7804(f) to dismiss the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioners are the owners of two vacant parcels of property located in the Town of Rhinebeck at the intersection of Routes 9 and 9G. The petitioners alleged that when they purchased both parcels of property, the parcels were zoned for commercial use in a Highway Business zoning district. On December 29, 2009, the Town Board adopted a resolution, among other things, adopting a new Comprehensive Plan and Local Law No. 6-2009 of the Town of Rhinebeck, which amended the Zoning Law of the Town of Rhinebeck (hereinafter the Zoning Law) and the Town Zoning Map in order to implement recommendations that were set forth in the Comprehensive Plan. As a result, the Zoning Law was amended to establish and divide the Town into new zoning districts (see Code of Town of Rhinebeck § 125-15[A] [hereinafter Town Code]). One of the petitioners' parcels of property (hereinafter the subject property) was thereby placed in a Neighborhood Residential zoning district, the purpose of which "is to continue to provide land for manufactured homes for permanent residents, thereby ensuring there can continue to be a diversity of housing types in the community" (id. § 125-15[G]).
In September 2021, the petitioners commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town to "correct[ ]" the Town Zoning Map and all related zoning records in order to "classify" the subject property as located within a Crossroads Business zoning district, which allegedly is the zoning district "for commercial properties adjacent to the intersection of Routes 9 and 9G" that was created as a result of the Town Board's amendment of the Zoning Law. The petitioners alleged that, based upon a misstatement of fact that was made in the Comprehensive Plan, the Town Board made an error in labeling the subject property as located within a Neighborhood Residential zoning district on the Town Zoning Map. The petitioners further alleged that, although they had requested that the Town Board correct this error and designate the subject property as located within a Crossroads Business zoning district, the Town Board refused [*2]to correct the error.
The Town moved pursuant to CPLR 7804(f) to dismiss the petition, contending, inter alia, that relief in the nature of mandamus is not available to compel the Town Board to exercise its legislative powers to rezone the subject property. The Supreme Court granted the Town's motion to dismiss the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802; see Klostermann v Cuomo, 61 NY2d 525, 539; see generally CPLR 7803[1]). "Discretionary acts involve[ ] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [internal quotation marks omitted]; see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184). "The availability under [CPLR] article 78 of mandamus to compel performance of a duty by an administrative agency depends not on the applicant's substantive entitlement to prevail, but on the nature of the duty sought to be commanded—i.e., mandatory, nondiscretionary action" (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 97; see Matter of County of Fulton v State of New York, 76 NY2d 675, 678).
Here, the Supreme Court properly granted dismissal of the first cause of action in the petition because the petitioners failed to establish that there existed a clear legal right to the relief sought and, instead, sought to compel conduct involving the application of the Town Board's discretion and judgment. Despite the petitioners' assertion to the contrary, the plain language of the Zoning Law does not impose a duty on the Town Board, upon request from a property owner, to correct any alleged error that was made in designating the zoning district for a parcel of property (see Town Code § 125-131). Any amendments to the Zoning Law to change the zoning district for the subject property would require a legislative act, which cannot be compelled by mandamus in a CPLR article 78 proceeding (see Matter of Hampshire Recreation, LLC v Village of Mamaroneck, 181 AD3d 904, 905; Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 616; Matter of Wolff v Town/Village of Harrison, 30 AD3d 432, 433; see also East Suffolk Dev. Corp. v Town Bd. of Town of Riverhead, 59 AD3d 661, 662; Matter of Structural Tech., Inc. v Foley, 56 AD3d 677, 678). In addition, contrary to the petitioners' contention, the true nature of the relief sought in the second and third causes of action in the petition was relief pursuant to CPLR article 78 (see Matter of Hampshire Recreation, LLC v Village of Mamaroneck, 181 AD3d at 905). Since that relief is not available here, the court also properly granted dismissal of those causes of action.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court