■ MATTIE LACKS et al., Respondents, v CITY OF NEW YORK,

Appellant. 428 ST. NICHOLAS AVENUE TENANTS' ASSOCIATION et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [607 NYS2d 32] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered October 29, 1992, which, *inter alia,* declared that Multiple Dwelling Law § 78 and Housing Maintenance Code (Administrative Code of City of NY) § 27-2005 are applicable to and binding upon defendant City of New York in its capacity as owner of in rem residential dwellings, and that despite the posting of vacate orders pursuant to Administrative Code of the City of New York § 26-301 (1) (e), defendant City of New York is under a continuing statutory obligation under Multiple Dwelling Law § 78 and Housing Maintenance Code § 27-2005 to keep such residential dwellings in good repair; denied defendants' motion for an order converting the *St. Nicholas Ave.* action to a CPLR article 78 proceeding and, upon conversion, dismissing the action for failure to timely institute it within the four month Statute of Limitations; dismissed plaintiffs' CEQR and SEQRA claims without prejudice to renewal if sufficient information is obtained through discovery to frame viable causes of action and continued the previously issued temporary injunctive relief pending determination of plaintiffs' motion for a preliminary injunction, unanimously affirmed, without costs. Order of the same court and Justice, entered June 24, 1993, which granted plaintiffs in the *St. Nicholas Ave.* action leave to renew the dismissal of their causes of action predicated on the Federally assisted LISC/Enterprise Program without prejudice to renewal in the event information is obtained through discovery sufficient to frame a viable cause of action, and, upon renewal, adhered to the prior determination, unanimously affirmed, without costs.

The action is brought by tenants in buildings acquired by defendant City and its Department of Housing Preservation and Development (HPD) through in rem tax foreclosures, and seeks declaratory and injunctive relief and damages on account of HPD's issuance of vacate orders. Plaintiffs claim that defendants issued the vacate orders not because of the existence of conditions endangering their health and safety, but as a pretext to close the buildings down and, in some cases renovate them for higher income tenants under a Federally assisted program. Plaintiffs further allege, *inter alia,* that defendants are mismanaging the properties and allowing them

to further deteriorate without making reasonable repairs so as to justify closure and their eviction.

Since plaintiffs' claims seek declaratory and injunctive relief and are directed generally at HPD's management of its in rem properties and alleged misuse of vacate orders to evade its obligations to tenants, the challenge is not in the nature of an article 78 proceeding *(see, Tindell v Koch,* 164 AD2d 689, 696-697), and a six-year, not a four-month Statute of Limitations applies.

We agree with the IAS Court that the City, in its capacity as owner of in rem residential buildings, is bound by Multiple Dwelling Law § 78 and Housing Maintenance Code § 27-2005, which direct *all* "owners" of residential dwellings to keep their premises in "good repair", and that if repair work is economically feasible, no exemption from the mandates of these statutes can be implied from the City's authority to issue a vacate order when a building is unsafe *(cf., City of New York v Rodriguez,* 117 Misc 2d 986). There is no merit to the City's argument that Administrative Code § 26-301 (1) (e) grants it blanket, unfettered discretion to issue vacate orders terminating all statutory obligations to keep its in rem buildings in good repair. Such an interpretation would work a major modification of the Multiple Dwelling Law and the Housing Maintenance Code, in effect granting the municipal defendants an exemption therefrom, through mere implication *(see, Matter of Natural Resources Defense Council v New York City Dept. of Sanitation,* 188 AD2d 415, *lv granted* 82 NY2d 652). That a legislative sponsor of section 26-301 may have expressed such an interpretation is not dispositive of legislative intent *(see, Matter of Morse [Bank of Am.],* 247 NY 290, 302-303). Issues of fact exist as to whether the condition of the buildings is such as to endanger the life, health and safety of the occupants, as claimed by the municipal defendants, whether the actual cost to bring the buildings into statutory compliance renders repair work not economically feasible, and whether the City should be allowed to proceed if its neglect were the cause of the buildings' state of disrepair.

We have considered the respective parties' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.