OPINION OF THE COURT
Per Curiam.
Order dated August 7, 1992 affirmed, with $10 costs.
*1038 Landlord, the City of New York (City), terminated tenant’s month-to-month tenancy upon the ground that "a vacate order was duly issued by the Department of Housing Preservation and Development * * * requiring that you vacate the premises”. Tenant had been previously notified in writing by the Department of Housing Preservation and Development (DHPD) that: "a vacate order has been placed on the building you now occupy. It will be necessary for you to vacate as soon as possible because the building is in a condition which endangers the life, health or safety of the occupants. In the near future a manager from the Bronx site office will visit you to discuss relocation options available to you and your family.” The vacate order itself was not attached to the notice of termination, and there is no indication as to the date of its issuance or proof that tenant was ever served with it. Civil Court dismissed the holdover proceeding upon the ground that the termination notice and petition failed to state with particularity the factual basis for the placement of the vacate order and failed to disclose to tenant the basic facts underlying the eviction proceeding.
In affirming the dismissal of the petition we conclude, contrary to the view taken by the dissent, that an article 78 proceeding is not the exclusive remedy available to tenants who seek to defend against the propriety of a vacate order. Inasmuch as DHPD does not provide a hearing or formalized procedure for administrative review of vacate orders affecting buildings owned and operated by the City, tenants should be afforded the opportunity to contest the bona fides of a vacate order in their eviction proceedings (see, Matter of Henderson v Popolizio, 76 NY2d 972, 975).
The Housing Part of the Civil Court has particular jurisdiction over "actions and proceedings involving the enforcement of state and local laws for the establishment and maintenance of housing standards” (CCA 110 [a]). The City, in its proprietary capacity as owner of residential buildings, is bound by the applicable provisions of the Multiple Dwelling Law and Housing Maintenance Code to keep its premises in good repair and "no exemption from the mandates of the statutes can be implied from the City’s authority to issue a vacate order when a building is unsafe” (Lacks v City of New York, 201 AD2d 309, 311). Nor does the City have "blanket, unfettered discretion” to issue vacate orders pursuant to Administrative Code of the City of New York § 26-301 (1) (e) (supra, at 311).
A tenant’s answer in a summary proceeding may contain *1039 any legal or equitable defense (RPAPL 743). Thus, a tenant in a summary proceeding to enforce a vacate order is entitled to litigate, in Housing Court, the issue whether the building premises is, in fact, "in a condition which endangers the life, health or safety of the occupants”. To enable the tenant to defend against the proceeding, the City must plead, at a minimum, the specific conditions which purportedly render the premises uninhabitable. Since the termination notice herein failed to identify, with specificity and clarity, any of the conditions which gave rise to its placement, the notice did not sufficiently particularize the foundation facts upon which the proceeding was based and may not properly serve as a jurisdictional predicate for eviction (RPAPL 741 [4]; Giannini v Stuart, 6 AD2d 418; MSG Pomp Corp. v Doe, 185 AD2d 798).