Stanley S. Ostrau, P. J.
(dissenting). Prior to commencement of this holdover proceeding for recovery of a City-owned dwelling, tenant was notified in writing by the Department of Housing Preservation and Development that, inter alia, "a vacate order has been placed on the building you now occupy. It will be necessary for you to vacate as soon as possible because the building is in a condition which endangers the life, health or safety of the occupants. In the near future a manager from the Bronx site office will visit you to discuss relocation options available to you and your family”. Thereafter, tenant was served with a notice of termination which, it is agreed, incorporated the contents of the vacate notice and advised that unless tenant removed from the premises by a date certain, eviction proceedings would be commenced.
Civil Court, in dismissing the petition, held that since the termination notice did not fully particularize the underlying facts which gave rise to the placement of the vacate order, tenant would be unable to contest the basis for eviction at trial. However, this conclusion is based upon the erroneous premise that tenant may properly litigate, ab initio, the determination of the Commissioner of DHPD to issue a vacate order pursuant to Administrative Code of the City of New York § 26-301 (1) (e) within the context of a summary proceeding in Housing Court. To the contrary, the Commissioner’s discretionary issuance of a vacate order is generally subject to challenge only under the more limited standard of review *1044 governing article 78 proceedings, or in certain actions seeking declaratory and/or injunctive relief — all of which are not cognizable in Civil Court (see, Lacks v City of New York, 201 AD2d 309). So far as appears from the record, no such proceeding has been commenced.
Since the notice of termination and notice to vacate state the ultimate facts and legal ground upon which the summary proceeding is based, and since the availability of article 78 proceedings otherwise satisfies tenant’s due process right to challenge the vacate order in an appropriate forum, the City is entitled to proceed on its holdover petition.
Accordingly, the order of dismissal should be reversed and the matter remanded to Civil Court for further proceedings.
Miller and Glen, JJ., concur, Glen, J. in a separate opinion; Ostrau, P. J., dissents in a separate opinion.