■ In the Matter of Town of Wallkill, Respondent, v New York State Board of Real Property Services et al., Respondents, and Joseph M. DeStefano et al., Intervenors-Appellants. [700 NYS2d 515] —Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered October 1, 1998 in Albany

---

County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Board of Real Property Services denying petitioner's request to rescind its 1997 final State equalization rate.

Petitioner brought this CPLR article 78 proceeding seeking to annul and rescind the State equalization rate fixed by respondent State Board of Real Property Services for the tax year 1997. Finding that petitioner was improperly denied its right to a statutorily provided hearing before the State Board, Supreme Court granted the petition annulling and rescinding petitioner's 1997 final State equalization rate. The balance of the contentions made by petitioner were thereby rendered academic and were not addressed by Supreme Court. On October 2, 1998, respondents filed a notice of appeal. On October 15, 1998, the City of Middletown in Orange County and its Mayor, Joseph M. DeStefano (hereinafter collectively referred to as the intervenors), sought permission from this Court to intervene in the appeal and/or for permission to file an *amicus curiae* brief. On November 13, 1998, this Court granted permission to intervene and file a brief on the appeal. Subsequently, respondents determined to forego the appeal and obtained from this Court an order authorizing withdrawal and discontinuance of the appeal. That order recited that it was "without prejudice to the issue of the ability of the intervenors to prosecute the appeal being raised upon argument of the appeal".

Since the intervenors have perfected this appeal, we must address the threshold issue, namely, whether a party who has received court permission to intervene in an appeal may continue to prosecute the appeal after the original appellant has obtained court permission to withdraw and discontinue the appeal.

We begin by observing that a successful intervenor becomes a party to the action or proceeding for all purposes (*see, Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716; *Matter of Rent Stabilization Assn. v New York State Div. of Hous. & Community Renewal*, 252 AD2d 111). However, an intervenor cannot obtain rights greater than a party. For example, intervention cannot be used to revive a stale claim (*see, Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono, supra*, at 720). The judgment appealed from determined only a procedural issue. The intervenors seek to impermissibly expand the scope of review to include the resolution of substantive issues not addressed by Supreme Court, relief unavailable to any other party. Further, the court-ordered permission to

withdraw an appeal renders the appeal a nullity (*see generally*, *People v McIntosh*, 80 NY2d 87, 90), which no party would have the right to prosecute.

Moreover, it appears that the intervenors' remedy is found in RPTL 1314 (2) (*see*, *Matter of Town of Smithtown v Moore*, 11 NY2d 238, 248; *Matter of Town of Bedford v State Bd. of Equalization & Assessment*, 70 AD2d 213, 218, *lv denied* 48 NY2d 610). Accordingly, the appeal is dismissed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.