■ In the Matter of WILLIAM VEGA, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [969 NYS2d 611]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 25, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion to renew and/or vacate a prior judgment.

In 2009, petitioner's request to participate in an inmate apprenticeship training program for legal clerks was denied by the Department of Labor, the administrator of such program. Petitioner thereafter filed a grievance with the correction facility and the Department of Corrections and Community Supervision (hereinafter DOCCS), which was denied. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and we affirmed (91 AD3d 1245 [2012]).

Subsequently, petitioner filed a second grievance requesting enrollment in the apprenticeship training program on the basis that DOCCS had improperly discontinued the program. Upon denial of his grievance, petitioner moved to renew and/or vacate the prior judgment dismissing his CPLR article 78 proceeding, arguing that the judgment was based upon misinformation concerning the administration of the apprenticeship program, that DOCCS was without authority to discontinue apprenticeship training programs and that petitioner should be immediately enrolled in the program. Supreme Court denied petitioner's motion and this appeal ensued.

Petitioner maintains that the prior judgment was based upon respondents' representation that the Department of Labor is responsible for the administration of the apprenticeship training program and that he subsequently discovered new evidence that DOCCS was the party responsible for the discontinuation of the program. As relevant here, whether the motion is classified as a motion to vacate or a motion to renew, petitioner was required to demonstrate that the alleged newly discovered evidence could not have been discovered sooner through the exercise of due diligence and that it would likely produce a different result (*see* CPLR 2221, 5015; *Pritchard v Curtis*, 101

AD3d 1502, 1503 [2012]; *Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d 653, 655 [2012]; *Matter of Kelly v Director of TRC Programs*, 84 AD3d 1657, 1658 [2011]). Upon our review of the record, we find that petitioner failed to meet this "heavy burden" (*Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d at 655). Notably, we find no support for petitioner's contentions that DOCCS misrepresented the Department of Labor's role in the administration of the apprenticeship training program or that DOCCS lacks authority to discontinue the program (*see* Correction Law § 803-b; 12 NYCRR 601.3, 601.9). Therefore, even assuming that the information regarding discontinuation of the program by DOCCS was previously unavailable to petitioner, we find no basis upon which to conclude that it would affect the outcome of this matter.

Rose, J.P., Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.