In the Matter of STEVEN L. GREENBERG, Petitioner, v ASSESSOR OF TOWN OF SCARSDALE et al, Respondents. (Matter No. 1.) STEVEN L. GREENBERG, Appellant, v TOWN OF SCARSDALE et al., Respondents. (Matter No. 2.) In the Matter of STEVEN L. GREENBERG, Petitioner, v TOWN OF SCARSDALE et al., Respondents. (Matter No. 3.) In the Matter of STEVEN L. GREENBERG, Appellant, v TOWN OF SCARSDALE et al., Respondents. (Matter Nos. 4 and 5.) [996 NYS2d 48]—

In a hybrid action, inter alia, to recover damages for violation of constitutional rights pursuant to 42 USC § 1983 and proceeding, inter alia, pursuant to CPLR article 78 to compel the approval of certain real property tax refund applications made by the plaintiff/petitioner (Matter No. 2), a related proceeding, among other things, pursuant to Real Property Tax Law article 7 to review certain real property tax assessments (Matter No. 4), and other related proceedings, Steven L. Greenberg, the plaintiff/petitioner in Matter No. 2 and the petitioner in Matter No. 4, appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (LaCava, J.), entered July 25, 2012, which, inter alia, sua sponte, directed the

dismissal, for lack of ripeness, of the complaint/petition in Matter No. 2 and so much of the petition in Matter No. 4 as alleged causes of action pursuant to CPLR article 78 relating to certain tax refund applications, in effect, denied, as academic, the defendants/respondents' motions to dismiss the complaint/petition in Matter No. 2, and, in effect, granted those branches of the respondents' motion which were to dismiss, as time-barred, so much of the petition in Matter No. 4 as asserted causes of action pursuant to RPTL article 7 related to tax years prior to 2009 and to dismiss the remainder of that petition on the ground of improper joinder of claims.

Ordered that the appeal from so much of the order as, sua sponte, directed the dismissal of the complaint/petition in Matter No. 2 and so much of the petition in Matter No. 4 as alleged causes of action pursuant to CPLR article 78 related to certain tax refund applications is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof directing the dismissal of the first through ninth causes of action in Matter No. 2, and (2) by deleting the provision thereof, in effect, granting that branch of the respondents' motion which was to dismiss, on the ground of improper joinder of claims, the causes of action in the petition in Matter No. 4 other than those that alleged causes of action pursuant to RPTL article 7 related to tax years prior to 2009, and substituting therefor provisions denying that branch of the motion and converting that matter into a hybrid proceeding and action, deeming the notice of petition in that matter to also be a summons, and deeming the petition to be the petition/complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order as, in effect, denied, as academic, the defendants/respondents' motions to dismiss the complaint/petition in Matter No. 2 is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint/petition in Matter No. 2 and the petition in Matter No. 4, including a determination on the merits of the defendants/respondents' motions to dismiss the complaint/petition in Matter No. 2.

Steven L. Greenberg (hereinafter the appellant) and his wife are the owners of a residence situated on two parcels of real property, designated as lot 04.01.957 (hereinafter lot 957) and lot 04.01.993 (hereinafter lot 993), respectively, and located in both the Town of Scarsdale and the Village of Scarsdale. In 2009, the appellant filed separate applications pursuant to

RPTL 556 seeking refunds for the overpayment of taxes for lots 957 and 993 for tax years 2006 through 2009. In August 2009, David B. Jackson, the Executive Director of the Westchester County Tax Commission, issued recommendations to the Town/Village Assessor, Nanette J. Albanese, that those applications be denied.

In September 2009, the appellant commenced the two matters at issue on this appeal, under index numbers 11854/09 (hereinafter Matter No. 2) and 22506/09 (hereinafter Matter No. 4), respectively. In Matter No. 2, he asserted 10 causes of action, seeking, among other things, reimbursement of excess taxes paid, a judgment declaring that the method of assessment by the Village was invalid and unconstitutional, a judgment pursuant to CPLR article 78 directing the approval of his tax refund applications, and the recovery of damages pursuant to 42 USC § 1983 for the alleged violation of his constitutional rights. In Matter No. 4, the appellant asserted similar claims pursuant to RPTL article 7 and CPLR article 78 relating to the assessment of his property for tax years 2005 through 2009, and sought, inter alia, to compel the correction of the assessment rolls, a refund of excess taxes paid, and a reduction of the assessment of his property.

In Matter No. 2, the Town and the Village (hereinafter together the Scarsdale respondents) moved to dismiss the complaint/petition insofar as asserted against them, arguing that the matter was time-barred, that the complaint/petition failed to state causes of action against each of them, and that the pleading improperly joined claims. The County of Westchester and David B. Jackson (hereinafter together the Westchester respondents) separately moved to dismiss the complaint/petition insofar as asserted against them, arguing that the complaint/petition failed to state causes of action against them. Additionally, the Scarsdale Union Free School District (hereinafter the District) moved to dismiss the complaint/petition insofar as asserted against it in Matter No. 2 for failure to state a cause of action. The Scarsdale respondents also moved to dismiss the petition in Matter No. 4.

In relevant part, the Supreme Court, on its own motion, directed the dismissal, for lack of ripeness, of the complaint/petition in Matter No. 2 in its entirety and so much of the petition in Matter No. 4 as sought, pursuant to CPLR article 78, to compel the approval of the appellant's tax refund applications. The Supreme Court did not consider the merits of the arguments set forth by the defendants/respondents in their separate motions to dismiss the complaint/petition in Matter

No. 2 and, in effect, denied those branches of the motions as academic. Additionally, the Supreme Court granted that branch of the Scarsdale respondents' motion in Matter No. 4 which was to dismiss, as time-barred, so much of that petition as asserted claims pursuant to RPTL article 7 related to tax years prior to 2009, and, in effect, granted that branch of their motion in Matter No. 4 which was to dismiss the remainder of the petition in that matter on the ground that the joinder of claims pursuant to RPTL article 7 with claims to recover damages for violation of constitutional rights pursuant to 42 USC § 1983 and related declaratory relief was improper.

Contrary to the appellant's contentions, the Supreme Court properly determined that his claims seeking CPLR article 78 relief relating to his tax refund applications were not ripe for judicial review. Administrative determinations may only be challenged via CPLR article 78 review after the determination is final (*see* CPLR 7801 [1]). "For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate" (*Weingarten v Town of Lewisboro*, 77 NY2d 926, 928 [1991]; *see Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). Moreover, a matter is not ripe where the claimed harm may be prevented or significantly ameliorated by further administrative action (*see Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Matter of Essex County v Zagata*, 91 NY2d at 453-454). Here, the issuance of written recommendations by the Executive Director of the Westchester County Tax Commission was not a final approval or denial of the appellant's tax refund applications (*see* RPTL 556). Accordingly, this issue was not ripe for review, and the Supreme Court, on this basis, properly directed the dismissal of the tenth cause of action in Matter No. 2 and the causes of action in Matter No. 4 seeking this relief.

The Supreme Court, erred, however, in sua sponte directing the dismissal of the first through ninth causes of action in Matter No. 2. "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (*Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 AD3d 1006, 1008 [2012]; *see Matter of 24 Franklin Ave. R.E. Corp. v Hea-*

*ship,* 74 AD3d 980, 981 [2010]). Although the defendants/ respondents moved to dismiss those causes of action, the court did not address the merits of those motions. Accordingly, we remit the matter to the Supreme Court, Westchester County, for further proceedings on the motions addressed to those causes of action, including a determination of those respective motions (*see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison,* 106 AD3d 918, 919 [2013]; *Matter of 24 Franklin Ave. R.E. Corp. v Heaship,* 74 AD3d at 981).

The Supreme Court properly granted that branch of the Scarsdale respondents' motion which was to dismiss, as time-barred, so much of the petition as asserted claims pursuant to RPTL article 7 for tax years 2005 through 2008. In this regard, such claims must be asserted within 30 days of the final completion and filing of the assessment roll containing such assessment, or when notice of the completion and filing has been given, whichever is later (*see* RPTL 702 [2]). Since Matter No. 4 was commenced in September 2009, years after notice of the completion and filing of the final assessment rolls for tax years 2005 through 2008 was provided to the appellant, these claims were untimely, as correctly explained in a letter dated August 4, 2009, from a senior attorney for the New York State Office of Real Property Services to the Executive Director of the Westchester County Tax Commission.

The Supreme Court, erred, however, in, in effect, granting that branch of the Scarsdale respondents' motion which was to dismiss the remainder of the petition in Matter No. 4 for improper joinder of RPTL and non-RPTL claims. These claims involve common questions of law and fact that are suitable for joinder and litigation in a hybrid proceeding and action (*see* CPLR 601; *cf.* CPLR 603). Although Matter No. 4 was not commenced in the form of a hybrid proceeding and action, but only in the form of a special proceeding, dismissal is not required. Pursuant to CPLR 103 (c), a proceeding should not be dismissed "solely because it is not brought in the proper form," and the court has the power to convert a proceeding into the proper form (*see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers,* 41 NY2d 1, 5 [1976]; *Matter of Agoglia v Benepe,* 84 AD3d 1072, 1077-1078 [2011]; *Matter of Steve's Star Serv. v County of Rockland,* 278 AD2d 498, 500 [2000]). Accordingly, we convert Matter No. 4 into a hybrid proceeding and action, with the notice of petition deemed also to be a summons, and the petition deemed to be the petition/complaint.

The appellant's remaining contentions either are not properly

before this Court or need not be reached. Dillon, J.P., Hall, Austin and Barros, JJ., concur.

---

Motion by the respondents Nanette J. Albanese, Village of Scarsdale, Town of Scarsdale, Board of Assessment Review of the Town of Scarsdale, and the Assessor of Town of Scarsdale, on an appeal from an order of the Supreme Court, Westchester County, entered July 25, 2012, to strike stated portions of the appellant's brief on the ground that the issues raised have been rendered academic. By decision and order on motion dated October 31, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument and submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Dillon, J.P., Hall, Austin and Barros, JJ., concur.