# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**347**
**CA 15-01068**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

STANLEY PARKER, FAIRMAN SUTTON, DAVID BAIN,
ELLEN PECK, DOUGLAS WILLIAMS AND ALCID BEAUDIN,
PLAINTIFFS-APPELLANTS,

V                                           MEMORANDUM AND ORDER

TOWN OF ALEXANDRIA, DEFENDANT-RESPONDENT.

---

CAMPANY, YOUNG & MCARDLE, PLLC, LOWVILLE (KEVIN M. MCARDLE OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

SLYE & BURROWS, WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Jefferson County (James P. McClusky, J.), entered March 3, 2015 in a
declaratory judgment action. The judgment declared invalid Town of
Alexandria Local Law No. 2 of 2009, Town of Alexandria Local Law No. 2
of 2014 and the August 10, 2011 resolution of the Town Board of Town
of Alexandria.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first through fourth
decretal paragraphs and as modified the judgment is affirmed without
costs.

Memorandum: Plaintiffs commenced this hybrid CPLR article 78
proceeding and declaratory judgment action seeking a declaration that
Local Law No. 2 of 2014 (2014 Law) was invalid; an injunction
preventing defendant, Town of Alexandria (Town), from implementing the
2014 Law; and damages for the health insurance costs that they may
have incurred as a result of the Town's adoption of the 2014 Law. In
its answer, the Town contended that the 2014 Law was invalid and also
contended that Local Law No. 2 of 2009 (2009 Law) and a resolution of
the Town Board of the Town, dated August 10, 2011 (2011 Resolution),
were invalid. The Town thus sought declarations that the 2009 Law,
the 2011 Resolution and the 2014 Law were invalid and that certain
plaintiffs were not entitled to the healthcare insurance benefits
provided by those legislative enactments.

We note at the outset that, as the Town correctly contends, this
is properly only a declaratory judgment action in view of the relief
sought by plaintiffs and by the Town in its counterclaim (*see
Centerville's Concerned Citizens v Town Bd. of Town of Centerville*, 56

AD3d 1129, 1129).  Indeed, both plaintiffs and the Town are challenging only the validity of the legislative enactments, and "[i]t is well established that [a CPLR] article 78 proceeding is not the proper vehicle to test the validity of a legislative enactment" (*Kamhi v Town of Yorktown*, 141 AD2d 607, 608, *affd* 74 NY2d 423; *see Centerville's Concerned Citizens*, 56 AD3d at 1129; *see generally Press v County of Monroe*, 50 NY2d 695, 702).

We conclude that Supreme Court erred in using a summary procedure to award judgment on the cause of action and that part of the counterclaim that sought a judgment declaring those legislative enactments invalid (*see Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980, 980-981).  It is well established that "separate procedural rules apply" to declaratory judgment actions and CPLR article 78 proceedings and, inasmuch as the cause of action and counterclaim seek declaratory relief, the court "erred in issuing a judgment declaring [that those legislative enactments are] invalid by using a summary procedure that pertains only to CPLR article 78 proceedings" (*id.; see Matter of Ballard v New York Safety Track LLC*, 126 AD3d 1073, 1075; *Matter of Greenberg v Assessor of Town of Scarsdale*, 121 AD3d 986, 989-990).  "In the absence of a formalized motion requesting the 'summary determination of the causes of action which seek [to recover damages or] declaratory relief, it is error for [a court] to summarily dispose of those causes of action' " (*Ballard*, 126 AD3d at 1075, quoting *Matter of Rosenberg v New York State Off. of Parks, Recreation & Historic Preserv.*, 94 AD3d 1006, 1008).

Given the summary nature of the proceeding, we do not pass on the merits of the parties' contentions, including the contentions concerning severability, which rest in large part on determinations of the legislative intent of the Town Board when it enacted the 2009 Law, the 2011 Resolution and the 2014 Law (*see generally CWM Chem. Servs., L.L.C. v Roth*, 6 NY3d 410, 423; *Matter of Hynes v Tomei*, 92 NY2d 613, 627, *cert denied* 527 US 1015).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court