Matter of Grocholski Cady Rd., LLC v Smith (2019 NY Slip Op 01966)





Matter of Grocholski Cady Rd., LLC v Smith


2019 NY Slip Op 01966


Decided on March 15, 2019


Appellate Division, Fourth Department


NeMoyer, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1109 CA 18-00951

[*1]IN THE MATTER OF GROCHOLSKI CADY ROAD, LLC, PETITIONER-PLAINTIFF-RESPONDENT,
v
THOMAS SMITH, JR., INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS HIGHWAY SUPERINTENDENT OF THE TOWN OF WESTERN, TOWN OF WESTERN, RESPONDENTS-DEFENDANTS-RESPONDENTS, AND NOAH PALCZYNSKI, RESPONDENT-DEFENDANT-APPELLANT. 






THE AYERS LAW FIRM, PLLC, PALATINE BRIDGE (KENNETH L. AYERS OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, UTICA (RAYMOND A. MEIER OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 


NeMoyer, J.
 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered August 14, 2017 in a CPLR article 78 proceeding and a declaratory judgment action. The order, among other things, denied in part the motion of respondent-defendant Noah Palczynski to dismiss the petition/complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by NeMoyer, J.:
Relief under CPLR article 78 is available only against a limited subset of official and institutional parties. It follows that the four-month statute of limitations applicable to article 78 proceedings cannot be imported to bar a declaratory judgment action against a private individual not subject to article 78.
FACTS
Petitioner-plaintiff (plaintiff), a limited liability corporation, owns land on Cady Road in respondent-defendant Town of Western, which is located in Oneida County. Respondent-defendant Noah Palczynski (defendant) owns land "directly opposite" plaintiff's property on Cady Road. Defendant is a natural person who occupies no governmental office or position.
In 2012, respondent-defendant Thomas Smith, Jr., the Highway Superintendent of the Town of Western, discontinued a portion of Cady Road. Plaintiff and defendant disagree about what portion of the road was actually discontinued, and plaintiff accuses defendant of erecting various obstructions that improperly block the road. Plaintiff asked the Highway Superintendent for help, but he declined to take any action against defendant.[FN1]
Plaintiff then commenced the instant hybrid CPLR article 78 proceeding/declaratory judgment action against defendant, the Highway Superintendent, and the Town itself. Liberally construed, the petition/complaint seeks:
1. a declaration and a judgment in the nature of mandamus to review that a certain portion of Cady Road was not actually lawfully discontinued and that defendant, with the assistance of the Town government, had unlawfully closed and obstructed a portion of that road (see CPLR 3001; 7803 [3]);
2. a declaration that the Town and its Highway Superintendent "failed and refused to execute and carry out a duty enjoined upon them by law, namely keeping [the disputed] portion of Cady Road . . . open and free and clear of obstruction" (see CPLR 3001);
3. a judgment in the nature of mandamus to compel "directing [the defendants, the Town, and the Highway Superintendent] to reopen the [disputed] portion of Cady Road . . . and to take such steps as are necessary to remove obstructions and impediments to the use of the road" (see CPLR 7803 [1]); and
4. a judgment in the nature of mandamus to compel "directing and ordering [the Highway Superintendent] to exercise his authority under Highway Law § 319 to demand that [defendant] remove such obstructions as he may have placed in Cady Road and, in the event of his failure to do so, that [the Highway Superintendent] cause such obstructions to be removed and to levy the cost of such removal against the property of [defendant]" (see CPLR 7803 [1]).
Defendant moved to dismiss the petition/complaint in lieu of answering. Insofar as relevant here, defendant advanced three arguments to support his motion: (1) the CPLR article 78 claims were time-barred (see CPLR 217 [1]; 7804 [f]); (2) the article 78 claims for mandamus to compel improperly sought to compel the performance of discretionary acts (see CPLR 7804 [f]); and (3) the claims for declaratory relief were subject to the same four-month statute of limitations as the article 78 claims and were thus equally time-barred (see CPLR 3211 [a] [5]).
Plaintiff opposed the motion, arguing that its claims were timely. Of particular import, however, is the following language from plaintiff's attorney affirmation:
"the nature of this case requires a judicial determination as to the rights of the [private] parties [i.e., plaintiff and defendant] to use Cady Road. This involves the legal interpretation of the 2012 [road closure] Resolution and would settle the rights of private [parties] ([plaintiff and defendant]) as well as public entities (the Town Board and the Highway Superintendent). Although the Court may have jurisdiction to compel the Highway Superintendent to act, it would be far more efficient to adjudicate and determine the legal rights of the parties via a declaratory judgment."[FN2]
Supreme Court, inter alia, dismissed the CPLR article 78 claims, but it refused to dismiss the declaratory claims [FN3]. Defendant now appeals. Plaintiff, however, did not cross appeal to contest the dismissal of its article 78 claims.
DISCUSSION
I
On appeal, defendant devotes almost his entire brief to attacking the timeliness and merit of plaintiff's CPLR article 78 claims. Those particular arguments, however, are not properly before us. After all, the court actually gave defendant the very thing he wanted vis-à-vis the article 78 claims: their complete dismissal. Accordingly, defendant is not aggrieved by the court's dismissal of the article 78 claims, and he has no basis to continue challenging those claims on this appeal (see T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862 [1997]; Parker v Town of Alexandria, 163 AD3d 55, 58 [4th Dept 2018]). Contrary to defendant's assertion at oral argument in this appeal, the fact that the court's decision " may contain language or reasoning which [defendant] deem[s] adverse to [his] interests does not furnish [him] with a basis . . . to take an
appeal' " (Matter of Olney v Town of Barrington, 162 AD3d 1610, 1611 [4th Dept 2018], quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]). In short, the vast bulk of defendant's brief seeks only to resurrect the already-buried CPLR article 78 proceeding, and that he cannot do.[FN4]
II
We turn, then, to the only portion of defendant's appeal that is properly before us: his challenge to the timeliness of plaintiff's declaratory claims against him. On that front, defendant argues that those claims are untimely and should have been dismissed because they were not brought within four months of the Highway Superintendent's purported August 8, 2016 determination that he (defendant) "was not blocking the road and that the complaints [regarding [*2]obstructions] were unfounded." Because plaintiff had only four months to file a CPLR article 78 petition against the Highway Superintendent's purported determination, defendant reasons, that same deadline must be imported and applied to plaintiff's factually-related declaratory claims.
We disagree completely. Even assuming, arguendo, that such a "determination" was ever made (see generally n 1, supra), defendant cannot weaponize it as a basis to dismiss the declaratory claims as untimely. Here is why.
A declaratory judgment action is generally subject to a six-year statute of limitations (see CPLR 213 [1]). "[W]here a declaratory judgment action involves claims that could have been made in another proceeding for which a specific limitation period is provided," however, "the action is subject to the shorter limitations period" (Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931 [2d Dept 2017]; see Solnick v Whalen, 49 NY2d 224, 229-230 [1980]). Thus, the question of whether plaintiff's declaratory claims against defendant "are subject to the four-month statute of limitations period under CPLR article 78 or the residuary six-year limitations period of CPLR 213 (1) turns on whether the parties' rights could have been resolved in an article 78 proceeding" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007] [emphasis added]). Put differently, only if "the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through [an article 78 proceeding]" will the four-month deadline applicable to such proceedings be imported and applied to the declaratory judgment action (Solnick, 49 NY2d at 229-230 [emphasis added]). And for the following two interrelated reasons, there can be no doubt that the rights of plaintiff and defendant vis-à -vis each other were not "open to resolution" in an article 78 proceeding (id. at 229).
First, defendant is not a "body or officer" within the meaning of CPLR 7802 (a), i.e., he is not a "court, tribunal, board, corporation, [or] officer," and it is well established that article 78 relief is available only against a "body or officer" as defined by section 7802 (a) (see CPLR 7803; 208 E. 30th St. Corp. v Town of N. Salem, 88 AD2d 281, 285 [2d Dept 1982] ["a proceeding under article 78 is a proceeding against a body or officer only"]; see e.g. Brasseur v Speranza, 21 AD3d 297, 297 [1st Dept 2005] ["unincorporated associations . . . are not amenable to article 78 proceedings"]; Ferrick v State of New York, 198 AD2d 822, 823 [4th Dept 1993] ["The State . . . is not a body or officer' against whom an article 78 proceeding may be brought"]). Indeed, CPLR article 78 is entitled "Proceeding Against Body or Officer," and a special proceeding "is improperly brought insofar as it attempts to obtain relief pursuant to CPLR article 78 against a private party" like defendant (Matter of Board of Assessors v Hammer, 181 AD2d 885, 885 [2d Dept 1992]).
Second, as plaintiff noted below, the true gravamen of its declaratory claims "requires a judicial determination as to the rights of the parties to use Cady Road [which] would [thereby] settle the rights of private [parties]," i.e., plaintiff and defendant. And it is well established that such a contest between the "rights of private [parties]" cannot be adjudicated in an article 78 proceeding (see Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, 39-40 [1968], cert denied 393 US 1000 [1968]; Lacks v City of New York, 201 AD2d 309, 311 [1st Dept 1994]).
Thus, because an article 78 proceeding was not a "proper vehicle" for plaintiff's private claims for declaratory relief against defendant, the four-month "limitations period set forth in CPLR 217 [1] is not applicable to [such claims] and the six-year statute of limitations set forth in CPLR 213 (1) applies instead" (East Suffolk Dev. Corp. v Town Bd. of Town of Riverhead, 59 AD3d 661, 662 [2d Dept 2009]; see Kamhi v Town of Yorktown, 141 AD2d 607, 609 [2d Dept 1988], affd 74 NY2d 423 [1989]; Lacks, 201 AD2d at 311). And because there is no dispute that the complaint was filed within that six-year period, it follows that the court properly refused to dismiss the declaratory claims as time-barred.
CONCLUSION
Accordingly, in light of the foregoing, the order should be affirmed in all respects.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1: Throughout this case, defendant has repeatedly insisted that the Highway Superintendent rendered a "determination" on August 8, 2016 that defendant "was not blocking the road and that the complaints [regarding obstructions] were unfounded." As plaintiff points out, however, no such formal "determination" appears in the record. Rather, the record merely contains oblique hearsay references to such a determination within other documents.

Footnote 2: In his reply papers, defendant argued that "a request for a declaratory judgment regarding the status of Cady Road is not part of the [petition/complaint]." But defendant is simply wrong in that regard. "Read liberally in plaintiff['s] favor" (Vandashield Ltd. v Isaacson, 146 AD3d 552, 553 [1st Dept 2017]), the petition/complaint as a whole (especially the first claim for relief) is easily broad enough to state a request for declaratory relief regarding "the status of Cady Road" as between itself and defendant. Tellingly, defendant does not press this argument on appeal.

Footnote 3: Although the court also purported to "convert" the article 78 proceeding into a declaratory judgment action, that formality was unnecessary since this case was already filed, in part, as a declaratory judgment action (see e.g. Parker v Town of Alexandria, 138 AD3d 1467, 1467 [4th Dept 2016]; Centerville's Concerned Citizens v Town Bd. of Town of Centerville, 56 AD3d 1129, 1129 [4th Dept 2008]).

Footnote 4: For purposes of the foregoing aggrievement analysis, we have assumed, arguendo, that defendant (as a private citizen) had standing to move against the article 78 claims. Nothing said herein should be construed to endorse that proposition, however (see generally Parker, 138 AD3d at 1468 ["It is well established that separate procedural rules apply to declaratory judgment actions and CPLR article 78 proceedings" (internal quotation marks omitted)]; cf. generally Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 278-281 [2017, Wilson, J., dissenting]; Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs., 267 AD2d 788, 789-790 [3d Dept 1999]).