Matter of Sack v City of Buffalo Common Council (2022 NY Slip Op 02658)

Matter of Sack v City of Buffalo Common Council

2022 NY Slip Op 02658

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.

83 CA 21-00120

[*1]IN THE MATTER OF DANIEL R. SACK, PLAINTIFF-PETITIONER-RESPONDENT,
v
CITY OF BUFFALO COMMON COUNCIL AND TM MONTANTE DEVELOPMENT LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. 

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CARIN S. GORDON OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT CITY OF BUFFALO COMMON COUNCIL. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JAMES P. BLENK OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT TM MONTANTE DEVELOPMENT LLC. 
ARTHUR J. GIACALONE, BUFFALO, FOR PLAINTIFF-PETITIONER-RESPONDENT.

 Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Mark A. Montour, J.), entered December 17, 2020 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, annulled and set aside a resolution of defendant-respondent City of Buffalo Common Council. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motions are granted and the petition-complaint is dismissed.
Memorandum: Plaintiff-petitioner (plaintiff) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that defendant-respondent City of Buffalo Common Council's designation of a certain Urban Development Action Area was illegal. Defendants-respondents (defendants) moved to dismiss the petition-complaint (complaint) on, inter alia, standing grounds. Supreme Court denied the motions, holding as relevant here that plaintiff had common-law taxpayer standing, but not traditional standing, to challenge the disputed designation. The court subsequently granted judgment in plaintiff's favor. Defendants appeal, and we now reverse.
Preliminarily, we note that a CPLR article 78 proceeding "is not the proper vehicle to test the validity of a legislative enactment" such as an Urban Development Action Area designation (Kamhi v Town of Yorktown, 141 AD2d 607, 608 [2d Dept 1988], affd 74 NY2d 423 [1989]). Plaintiff's hybrid article 78 proceeding and declaratory judgment action is thus properly a declaratory judgment action alone (see Parker v Town of Alexandria, 138 AD3d 1467, 1467-1468 [4th Dept 2016]; Centerville's Concerned Citizens v Town Bd. of Town of Centerville, 56 AD3d 1129, 1129 [4th Dept 2008]).
On the merits, we agree with defendants that plaintiff lacks common-law taxpayer standing (see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410-411 [2000]; see generally Matter of Schulz v State of New York, 81 NY2d 336, 344-345 [1993]; Matter of Urban League of Rochester, N.Y. v County of Monroe, 49 NY2d 551, 554 [1980]; Boryszewski v Brydges, 37 NY2d 361, 362-364 [1975]). Moreover, we reject plaintiff's contention—raised as an alternative ground for affirmance—that he has traditional standing (see Sloninski v City of New York, 173 AD3d 801, 802 [2d Dept 2019]; Matter of Brighton Residents Against Violence to Children v MW Props., 304 AD2d 53, 57 [4th Dept 2003], lv denied 100 NY2d 514 [2003]; Matter of Unger v Public Health Council, 215 AD2d 988, 989 [3d Dept [*2]1995], lv denied 87 NY2d 807 [1996]; see generally Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 352 [2005]; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769-775 [1991]). Thus, because plaintiff has neither traditional standing nor common-law taxpayer standing to challenge the disputed designation, the court should have granted defendants' motions to dismiss the complaint on that basis (see Colella, 95 NY2d at 408). Defendants' remaining contentions are academic in light of our determination.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court