Matter of Civil Serv. Employees Assn., Inc., Local 100, AFSCME, AFL-CIO v City of Mount Vernon (2022 NY Slip Op 04023)

Matter of Civil Serv. Employees Assn., Inc., Local 100, AFSCME, AFL-CIO v City of Mount Vernon

2022 NY Slip Op 04023

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-03102
 (Index No. 663787/18)

[*1]In the Matter of Civil Service Employees Association, Inc., Local 100, AFSCME, AFL-CIO, et al., appellants,
v
City of Mount Vernon, et al., respondents.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for appellants.
Bond, Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel and Terry O'Neil of counsel), for respondents City of Mount Vernon and Municipal Civil Service Commission City of Mount Vernon.
Bank, Sheer, Seymour & Hashmall, White Plains, NY (Jay B. Hashmall of counsel), for respondent Deborah Reynolds.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents to reinstate the petitioner Jillian Rizo-Brewington to her prior position of employment, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 19, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
On or about June 25, 2014, the petitioner Jillian Rizo-Brewington commenced her employment with the City of Mount Vernon in the position of Account Clerk in the Comptroller's Office and, on February 24, 2016, she was permanently appointed to the position of Account Clerk subject to a six-month probationary period. In 2017, Rizo-Brewington was promoted to the position of Senior Account Clerk and, on May 3, 2018, she was terminated from that position for insubordination. On August 31, 2018, Rizo-Brewington and the petitioner Civil Service Employees
Association, Inc., Local 1000, AFSCME, AFL-CIO commenced the instant proceeding pursuant to CPLR article 78 against the respondents, City of Mount Vernon, Municipal Civil Service Commission City of Mount Vernon, and Deborah Reynolds, seeking, inter alia, that Rizo-Brewington be reinstated to employment at her prior position of Account Clerk. The City and Municipal Civil Service Commission City of Mount Vernon interposed an answer and opposed the petition. Reynolds also interposed an answer and opposed the petition. In a judgment dated February 19, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal. We affirm.
The challenge to the respondents' actions is not ripe for judicial review. Administrative determinations may be challenged in a CPLR article 78 proceeding only after the determination is final (see CPLR 7801[1]; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989). At the time of the commencement of this proceeding, Rizo-Brewington had not made a request to the respondents to be reinstated to her prior position of Account Clerk and they [*2]had not determined that she should not be reinstated. As no determination had been rendered as of the date of the commencement of this proceeding, the controversy is not ripe for judicial review (see Matter of Arcamone-Makinano v Perlmutter, 196 AD3d 479, 481; Matter of Ranco Sand & Stone Corp. v Vecchio, 124 AD3d 73, 86-87, affd 27 NY3d 92; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d at 989).
Further, since Rizo-Brewington failed to file a written notice requesting to exercise her retreat rights to her prior position under Municipal Civil Service Commission of the City of Mount Vernon Rule XVI(2)(b), she was not entitled to reinstatement to her prior position of Account Clerk. Mount Vernon Municipal Civil Service Commission Rule (hereinafter Rule) XVI (2)(b) provides that a "provisional, temporary or contingent permanent appointee may return to his/her permanent position at any time by providing written notice to the appointing authority requesting to be returned to such permanent position. The appointing authority shall return such appointee to his/her permanent position within fifteen days of receipt of such written notice." Rizo-Brewington was a provisional employee who possessed retreat rights to her prior position of Account Clerk. However, Rizo-Brewington failed to file a written notice requesting to exercise her retreat rights under Rule XVI(2)(b). Accordingly, since she did not comply with her obligations pursuant to Rule XVI(2)(b), the Supreme Court correctly determined that the respondents were not required to reinstate Rizo-Brewington to her prior position.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court