Matter of Robinson v NYU Langone Hosps. (2025 NY Slip Op 00870)

Matter of Robinson v NYU Langone Hosps.

2025 NY Slip Op 00870

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-06365
 (Index No. 602054/23)

[*1]In the Matter of Donna L. Robinson, appellant,
v
NYU Langone Hospitals, respondent.

C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for appellant.

DECISION & ORDER
In a purported proceeding, inter alia, for injunctive relief and to recover damages for medical malpractice, the petitioner appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated April 18, 2023. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, the proceeding is converted into an action, inter alia, for injunctive relief and to recover damages for medical malpractice, the order to show cause is deemed to be the summons, the petition is deemed to be the complaint, and the matter is remitted to the Supreme Court, Nassau County, to afford the respondent an opportunity to serve and file an answer within 20 days of service upon it of this decision and order with notice of entry.
The petitioner commenced this purported proceeding by the filing of an order to show cause and a petition, inter alia, for injunctive relief and to recover damages for medical malpractice. In opposition to the order to show cause and the petition, the respondent submitted an affirmation of counsel, in which counsel argued, among other things, that the proceeding should be dismissed because it was not brought in the proper form. The Supreme Court conducted a hearing on the petition. Thereafter, the court issued a judgment, in effect, denying the petition and dismissing the proceeding. The petitioner appeals.
Although this matter was improperly commenced in the form of a proceeding instead of an action, dismissal is not required. "Pursuant to CPLR 103(c), a proceeding should not be dismissed 'solely because it is not brought in the proper form,' and the court has the power to convert a proceeding into the proper form" (Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 990; see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 5). Accordingly, we convert this proceeding into an action, inter alia, for injunctive relief and to recover damages for medical malpractice, with the order to show cause deemed to be the summons and the petition deemed to be the complaint (see CPLR 103[c]; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d at 990), and remit the matter to the Supreme Court, Nassau County, to afford the respondent an opportunity to serve and file an answer within 20 days of service upon it of this decision and order with notice of entry (see Matter of Liederman v Mills, 238 AD2d 593, 594).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court