Matter of AL Asphalt Corp. v Town of Hamburg (2026 NY Slip Op 01654)

Matter of AL Asphalt Corp. v Town of Hamburg

2026 NY Slip Op 01654

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

94 CA 24-01562

[*1]IN THE MATTER OF AL ASPHALT CORPORATION AND CHEEKTOWAGA CONCRETE, LLC, PETITIONERS-PLAINTIFFS-RESPONDENTS,
vTOWN OF HAMBURG, TOWN OF HAMBURG TOWN BOARD, RANDY HOAK, MEGAN COMERFORD, SHAWN CONNOLLY, ELIZABETH FARRELL LORENTZ AND KAREN HOAK, CONSTITUTING TOWN OF HAMBURG TOWN BOARD, TOWN OF HAMBURG PLANNING BOARD, WILLIAM CLARK, KAITLIN MCCORMICK, DENNIS CHAPMAN, CYNTHIA GRONACHAN, DAN SZEWC, MARGAUX VALENTI AND KAITLIN MCGEE-CHMURA, CONSTITUTING TOWN OF HAMBURG PLANNING BOARD, RESPONDENTS-DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS. 
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 24, 2024, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, among other things, granted in part the relief sought in the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by dismissing the first and second causes of action and vacating the seventh through ninth decretal paragraphs, and as modified the judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs, AL Asphalt Corporation (AL Asphalt) and Cheektowaga Concrete, LLC (Cheektowaga Concrete) (collectively, petitioners), commenced this hybrid CPLR article 78 proceeding and declaratory judgment action (proceeding) seeking various relief after respondent-defendant Town of Hamburg Planning Board (Planning Board) denied AL Asphalt's application for site plan approval to build and operate a hot mix asphalt facility (project). Respondents-defendants (respondents) answered and moved to dismiss the fourth cause of action. In appeal No. 1, respondents appeal from a judgment that, in effect, granted the motion and granted the relief sought by petitioners in the first through third causes of action of their petition-complaint (petition). In appeal No. 2, respondents appeal from an order denying their subsequent motion seeking, inter alia, leave to renew their opposition to the petition.
We agree with respondents in appeal No. 1 that Supreme Court erred in granting the petition with respect to the first and second causes of action, and we therefore modify the judgment by dismissing those causes of action. Petitioners' first cause of action pursuant to CPLR article 78 sought to annul the Planning Board's September 2019 decision classifying the project as an Unlisted action and further sought to compel the Planning Board to reclassify the project as a Type II action under SEQRA, grant the application, and issue any necessary building [*2]permits. Petitioners asserted that the project is a Type II action exempt from SEQRA review pursuant to 6 NYCRR 617.5 (c) (9), which applies to "construction or expansion of a primary or accessory/appurtenant, non-residential structure or facility involving less than 4,000 square feet of gross floor area and not involving a change in zoning or a use variance and consistent with local land use controls." We conclude that the Planning Board rationally determined that the project did not fall within that exemption and properly classified the project as an Unlisted action (see generally Matter of Sierra Club v Village of Painted Post, 134 AD3d 1475, 1477-1478 [4th Dept 2015]).
Petitioners' second cause of action pursuant to CPLR article 78 sought to annul the Planning Board's November 2023 decision issuing negative findings under SEQRA and denying the application. "A court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688 [1996]; see Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363 [1986]). "The agency's substantive obligations under SEQRA must be viewed in light of a rule of reason and agencies have considerable latitude in evaluating environmental effects and choosing among alternatives" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006] [internal quotation marks omitted]). "[W]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007] [internal quotation marks omitted]).
We conclude that the Planning Board took a hard look at the areas of environmental concern and rationally concluded that, in light of the cited deficiencies in petitioners' draft environmental impact statement, it could not approve the project (see Matter of Laidlaw Energy & Envtl., Inc. v Town of Ellicottville, 59 AD3d 1084, 1085-1086 [4th Dept 2009]). There was a record basis for the Planning Board's determinations, and the Planning Board was entitled to rely on the opinions of its retained consultants (see Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 146 AD3d 576, 580 [1st Dept 2017], affd 30 NY3d 416 [2017], rearg denied 31 NY3d 929 [2018]).
We reject respondents' further contention in appeal No. 1 that the third cause of action, which sought a declaration that certain local laws and a rezoning decision were invalid because they were enacted with an exclusionary purpose, is time-barred. "In order to determine the [s]tatute of [l]imitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987]). "A declaratory judgment, not a CPLR article 78 proceeding, is the proper vehicle to challenge the validity of a legislative enactment" (Janiak v Town of Greenville, 203 AD2d 329, 331 [2d Dept 1994]; see Matter of Sack v City of Buffalo Common Council, 204 AD3d 1399, 1399-1400 [4th Dept 2022]). We therefore reject respondents' contention that the four-month statute of limitations applicable to CPLR article 78 proceedings applies to petitioners' third cause of action (see South Liberty Partners, L.P. v Town of Haverstraw, 82 AD3d 956, 957-958 [2d Dept 2011]).
We agree with respondents in appeal No. 1, however, that the court applied an incorrect standard in addressing the third cause of action. " 'In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand' " (Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989 [2d Dept 2014]; see Parker v Town of Alexandria, 138 AD3d 1467, 1468 [4th Dept 2016]). A court " 'may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment' " (Greenberg, 121 AD3d at 989; see Parker, 138 AD3d at 1468). We therefore further modify the judgment by vacating the seventh through ninth decretal paragraphs.
In light of our determination, we do not address respondents' remaining contentions in appeal No. 1.
Contrary to respondents' contention in appeal No. 2, the court did not abuse its discretion in denying that part of their motion seeking leave to renew (see CPLR 2221 [e] [2], [3]; Ives Hill Country Club, Inc. v City of Watertown, 185 AD3d 1494, 1497 [4th Dept 2020]; see generally Matter of Vega v Fischer, 108 AD3d 955, 955-956 [3d Dept 2013], lv dismissed 22 NY3d 953 [2013]). Respondents contend that Rosanne DiPizio, who verified the petition on behalf of Cheektowaga Concrete, lacked the capacity to bring this proceeding. Respondents do not contend, however, that the president of AL Asphalt lacked capacity to bring the proceeding on behalf of AL Asphalt. Even assuming, arguendo, that DiPizio lacked capacity and that Cheektowaga Concrete was a necessary party to the proceeding (see CPLR 1001 [a]), the remedy would be for the court to order Cheektowaga Concrete summoned and to be made a respondent if it refused to join as a petitioner (see CPLR 1001 [a], [b]; Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520, 1520-1521 [2d Dept 2020]). The new information submitted by respondents would not have resulted in the dismissal of the proceeding for failure to join a necessary party and therefore would not have "change[d] the prior determination" (CPLR 2221 [e] [2]; see Maurer v Colton [appeal No. 3], 180 AD3d 1371, 1374 [4th Dept 2020]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court